# EXHIBIT 1

| | |
|---|---|
| DAVID W. WALLACE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 17CH9035 |
| LEIDOS INNOVATIONS CORPORATION and MICHELE MANTELLO, | ) ) JURY DEMAND ) ) |
| Defendants. | ) ) |

FILED
JUN 27 2017
3:20 O'CLOCK P M
HAROLD P. COUSINS, JR.
Clerk & Master

## COMPLAINT

David W. Wallace, Plaintiff, for his cause of action against Leidos Innovations Corporation and Michele Mantello, Defendants, hereby states as follows:

### THE PARTIES AND PERSONAL JURISDICTION

1. David W. Wallace, Plaintiff (hereinafter "Wallace" or "Plaintiff"), is a citizen and resident of Anderson County, Tennessee. Wallace was formerly an employee of Leidos Innovations Corporation and, as an employee, was based in Anderson County, Tennessee.

2. Leidos Innovations Corporation, Defendant (hereinafter "Leidos" or "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Delaware. Leidos does business in the State of Tennessee and has an office in Anderson County, Tennessee. Leidos may be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710. Leidos is subject to personal jurisdiction in the State of Tennessee pursuant to Tenn. Code Ann. §§ 20-2-201 and/or 20-2-214.

3. Michele Mantello (hereinafter "Mantello") is a citizen and resident of Anne Arundel County, Maryland and may be served with process at her address of 1638 Bear Paw Lane, Hanover, Maryland 21076-1278. Mantello is subject to personal jurisdiction in the State of Tennessee pursuant to Tenn. Code Ann. § 20-2-214.

4. As more fully set forth below, the Defendants committed tortious acts in Anderson County, Tennessee and the resulting injury was sustained in Tennessee.

## FACTUAL BACKGROUND

5. Wallace was formerly an employee of Leidos up until January 27, 2017.

6. During the most recent portion of his period of employment, Wallace was the direct supervisor of Mantello. Mantello was thus also an employee of Leidos.

7. In February 2017, Wallace applied for a position as Vice President of Business Development with Oak Ridge Associated Universities, Incorporated (hereinafter "ORAU"). ORAU is a Tennessee nonprofit corporation with its principal office located in Oak Ridge, Tennessee.

8. During the months of February, March, April, and early May 2017, Wallace went through a rigorous interview process with ORAU which included a number of extensive interviews, background checks, reference checks, credit checks, and drug testing.

9. After completing the extensive interview and background check process, Wallace was advised by a representative of ORAU that he had received outstanding references and character reviews and that he was the unanimous choice for the position of Vice President of Business Development with ORAU.

10. On May 3, 2017, Wallace received an email from ORAU confirming his employment with ORAU. He was subsequently advised that he would have a start date of May 15, 2017. A true and correct copy of the email of May 3, 2017, is attached hereto as Exhibit A.

11. After receiving the written employment offer from ORAU, Wallace contacted a number of clients to whom he had been providing consulting services and advised them that he could no longer assist them.

12. During a meeting that occurred on May 9, 2017, between Wallace and a representative of ORAU, the representative of ORAU mentioned that a business meeting was scheduled to occur between representatives of ORAU and Michele Mantello who was now a Capture Manager of Leidos.

13. On May 12, 2017, Wallace received a telephone call from a human resources recruiter employed by ORAU. At that time, Wallace was advised that his start date had been delayed from the date of May 15, 2017, to now occur on May 30, 2017.

14. On May 16, 2017, the Vice President of Human Resources of ORAU called Wallace by telephone and advised Wallace that concerns had been raised by his previous employer that involved allegations of past sexual harassment and unethical behavior.

15. Upon further inquiry by Wallace, he was advised by the representative of ORAU that Mantello had made statements that Wallace had issues involving sexual harassment and that he had participated in unethical conduct while employed by Leidos or other employment. Those allegations by Mantello were completely false and Mantello had never made any complaints of such conduct during the mutual time period of employment of Wallace and Mantello with Leidos.

3

16. Wallace subsequently received a letter from ORAU dated May 18, 2017, that confirmed that the offer of employment for the position of Vice President of Business Development was being rescinded by ORAU. A true and correct copy of the letter is attached hereto as Exhibit B.

17. The field of employment within which Wallace has been employed for many years is relatively small and word typically moves quickly between employers regarding employment issues.

18. Although the employment offered to Wallace was admittedly employment at will, he had made a very good impression on the representatives of ORAU during the interview process and had received stellar recommendations. As a result, Wallace anticipated a long period of stable employment with ORAU and was advised by a representative of ORAU that ORAU was anticipating that he would remain employed by ORAU for the ten-year re-bid of certain contracts.

19. As a result of the false statements by Mantello acting as an employee of Leidos, Wallace has now lost his employment with ORAU. In addition, the false statements and resulting loss of employment have caused irreparable damage to the reputation of Wallace that will have a negative impact on his prospects for employment within the same field for a long period of time.

20. In making the false allegations of sexual harassment and unethical conduct, Mantello was acting as an employee of Leidos during a scheduled business meeting with representatives of ORAU. Mantello was also acting to further her own purposes.

4

## COUNT ONE

## SLANDER

21. The allegations of Paragraphs One through Twenty of this Complaint are hereby incorporated into this Count One as if fully set forth herein.

22. This Count One is brought against Leidos Innovations Corporation and Michele Mantello.

23. Beginning on or after May 10, 2017, the Defendant Leidos, acting through its representative Mantello, made slanderous statements respecting Wallace including statements that Wallace had been responsible for sexually harassment and that Wallace participated in unethical conduct.

24. Those slanderous statements were published to third parties including one or more representatives of Oak Ridge Associated Universities, Incorporated.

25. Wallace has suffered injury which was proximately caused by the slanderous statements made by the representative of Leidos.

26. Wallace has suffered damages to his reputation as a result of the slanderous statements made by the representative of Leidos.

## COUNT TWO

## COMMON LAW AND STATUTORY INDUCEMENT OF BREACH OF CONTRACT

27. Wallace reincorporates his allegations contained in Paragraphs One through Twenty inclusive of this Complaint as if set out fully herein by reference thereto.

28. Wallace brings this Count Two against Leidos and Mantello for common law and statutory inducement of breach of contract.

5

29. The Defendants made false allegations against Wallace in order to procure breach of a written contract in violation of the common law of the State of Tennessee and Tenn. Code Ann. § 47-50-109 by inducing ORAU to breach the contract of employment with Wallace.

30. A legal contract of employment existed between Wallace and ORAU. On April 21, 2017, Wallace had been verbally informed that he would be hired by ORAU and he received written confirmation of employment on May 3, 2017.

31. The Defendants were aware of the contract as a result of the conversation between Mantello and representatives of ORAU that occurred on May 10, 2017.

32. The Defendants intended to induce the breach of the contract between ORAU and Wallace.

33. The Defendants acted with malice.

34. A breach of the employment contract between ORAU and Wallace actually occurred.

35. The breach by ORAU was a proximate result of the false statements of the Defendants.

36. The breach injured Wallace in that his employment with ORAU was terminated and his reputation within the same field of employment has been irreparably damaged.

37. Mantello acted not only to further the purposes of Leidos but also to further her own personal purposes.

38. Wallace is entitled to treble damages pursuant to the terms of Tenn. Code Ann. § 47-50-109.

## COUNT THREE

## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

39. Wallace reincorporates his allegations contained in Paragraphs One through Twenty inclusive of this Complaint as if set out fully herein by reference thereto.

40. Wallace brings this Count Three against Leidos and Mantello for intentional interference with business relationships.

41. Wallace had an existing business relationship with ORAU or, in the alternative, a prospective relationship with an identifiable third party being ORAU.

42. The Defendants had knowledge of the relationship with ORAU as a result of the conversation between Mantello and representatives of ORAU that occurred on May 10, 2017.

43. The Defendants had intent to cause the breach or termination of the business relationship.

44. The Defendants had improper motives and used improper means in that the Defendants made false allegations of sexual harassment and unethical conduct in order to cause the Plaintiff to lose his employment with ORAU.

45. Mantello acted not only to further the purposes of Leidos but also to further her own personal purposes.

46. As a result of the intentional interference with business relationships by Defendants, Wallace has been damaged in that his employment with ORAU was terminated and his reputation within the same field of employment has been irreparably damaged.

7

## COUNT FOUR

## PUNITIVE DAMAGES

47. The Plaintiff reincorporates the allegations contained in Paragraphs One through Twenty inclusive of this Complaint as if set out fully herein by reference thereto.

48. Defendants Leidos and Mantello acted intentionally, fraudulently, maliciously, or recklessly in making the false allegations of sexual harassment and unethical conduct.

49. The Defendants were aware of, but consciously disregarded, a substantial and unjustifiable risk to the Plaintiff such that their disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances.

50. As a result, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, David W. Wallace, Plaintiff, respectfully prays as follows:

A. That proper process issue to the Defendants requiring them to respond to this Complaint within the time allowed by law.

B. That Plaintiff be awarded a money judgment against the Defendants for all damages incurred in an amount up to and including $1,675,000.00.

C. That the Plaintiff be awarded punitive damages in an amount up to and including $1,500,000.00.

D. For an award of treble damages pursuant to Tenn. Code Ann. § 47-50-109.

E. That a jury be empaneled to try this cause of action.

8

F. That the Plaintiff be awarded pre-judgment and post-judgment interest.

G. That all costs of this cause of action be taxed to the Defendants.

H. That the Plaintiff be granted such other and further relief to which he may prove entitled.

Respectfully submitted,

*David W. Wallace*
David W. Wallace

OF COUNSEL:

TARPY, COX, FLEISHMAN &
LEVEILLE, PLLC

By: *[signature]*
Thomas M. Leveille (014395)
1111 N. Northshore Drive
Landmark Center North Tower, Suite N-290
Knoxville, Tennessee 37919
(865) 588-1096
(865) 588-1171 (fax)
Email: tleveille@tcflattorneys.com

9

## COST BOND

David W. Wallace, as Principal, and Tarpy, Cox, Fleishman & Leveille, PLLC, as Surety, are held and firmly bound unto the Clerk & Master of the Chancery Court for Anderson County, Tennessee for the payment of all costs awarded against the Principal. To that end, we bind ourselves, our heirs, executors, administrators, successors, and assigns.

The Principal is commencing a legal proceeding in the Chancery Court of Anderson County, Tennessee. If the Principal shall pay all costs which are adjudged against him, then this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. § 20-12-120 et seq.

PRINCIPAL:

_David W. Wallace_
David W. Wallace

SURETY:

TARPY, COX, FLEISHMAN &
LEVEILLE, PLLC

By: _Thomas M. Leveille_
Thomas M. Leveille, Surety
1111 N. Northshore Drive
Landmark Center North Tower, Suite N-290
Knoxville, Tennessee 37919
(865) 588-1096
(865) 588-1171 (fax)

10



# EXHIBIT A

- ...
- ...
- ...
- ...
- ...

- ...
- ...

**Careers at ORAU**

Please take a moment to ... Login or create an account, select the "My Jobpage" tab at the top of the page, and then choose the "Access my profile" link on the right side of the page. The information within your General Profile will then populate all of your future applications.

ORAU will not discriminate against any employee or applicant for employment because of race, color, age, religion, sex, sexual orientation, gender identity, national origin, mental or physical disability, protected veteran's status, or genetic information.

**David Wallace, you are signed in. | My Account Options**    My Job Cart (0 items) | Sign Out

Job Search    My Jobpage    Offers

## Offer Letter    Printable format
Please consider this offer and respond electronically.

# ORAU

Dear David Wallace,

On behalf of ORAU, I am pleased to extend you an offer of employment for the full-time regular (FTR) position of VP Business Development located in Oak Ridge, TN. Your Manager will be Andy Page and the anticipated start date is May 15, 2017. The hourly rate for this position will be $100.97, which is paid biweekly and is the base annual equivalent of $210,017.60 per year. In addition to your annual salary, ORAU will pay you a one-time sign-on bonus of $10,000. If you leave the company for any reason other than a Reduction in Force, within twelve months of hire, you are responsible to repay your sign-on bonus in full to ORAU. Additionally, you qualify for the Executive Annual Incentive Plan (AIP) which gives you the additional opportunity to earn up to 30% of your base salary annually based on performance. The amount would be

prorated the first year based on the number of months you worked during the year.

This position is considered exempt under the Fair Labor Standards Act and therefore will not pay overtime for any time worked in excess of 40 hours per week. You will be eligible for the benefits package designated based on employment category. This offer of employment is valid until May 5, 2017. Please confirm your acceptance of this offer by entering your unique identifier below.

This offer is contingent upon the following:

- Successfully passing a background check which may include a criminal, credit, motor vehicle record and identity background check, as well as verification of education and employment, and obtaining and maintaining a clearance if required..
- Successful completion of a drug test to determine the presence of illegal or non-prescribed controlled substances.
- Verification of your identity and employment eligibility to work in the United States, as required by law. ORAU uses E-Verify to conduct employment verifications for new employees. New hires unable to provide adequate documentation will not be allowed to begin work. Please see the I-9 form "List of Acceptable Documents" to determine the document(s) you need to bring when you report for work. You should choose one document from "List A" or one document from each of "List B" and "List C". As required by E-Verify, one of your documents must contain a photograph.

The employment relationship between ORAU and each employee is at will. There is no contract of employment or any guaranteed length of employment. ORAU or the employee can separate the relationship at any time for any or no reason, with or without notice, so long as it is not contrary to law or public policy.

ORAU is committed to advancing national priorities and serving the public interest by integrating academic, government, and scientific resources globally. We strive to be the recognized, preferred leader when national and global priorities require innovative scientific and technical solutions.

We look forward to having you as part of our team where you will have the opportunity to play a vital role in our continued success. If you have any questions regarding this offer please feel free to call me, at (865) 576-3984.

Sincerely,

*Mae D. Mosley* (signature)

Mae D. Mosley
Director, Employee Relations and Diversity

I hereby accept the foregoing offer of employment and acknowledge that no representations, offers or commitments, other than those contained herein, have been issued, given or made whatsoever. I understand that this agreement does not constitute a guarantee of employment for a fixed period and that my employment relationship with ORAU is at will.

ORAU is an Equal Employment Opportunity Employer.

*To accept the terms and conditions of this offer, please enter your unique identifier, i.e. your street number followed by your zip code.

**Attachments**

## Offer Response
**Do Not E-Sign Until You Have Read The Above Offer**

◉ Accept the offer

○ Refuse the offer

\*Full Name
Wallace, David

\*Unique Identifier

Submit    Cancel

Copyright© 2015, All Rights Reserved,



# EXHIBIT B



May 18, 2017

Mr. David W. Wallace
102 Cross Creek Place
Oak Ridge, TN 37830

Dear Mr. Wallace,

This letter serves as a confirmation of our discussion on Tuesday, May 16, 2017. As we discussed, after further deliberation and consideration of additional information, ORAU is rescinding the offer of employment for the position of Vice President, Business Development.

As stated in your offer letter, the contemplated employment relationship between ORAU and you was an employment at-will relationship. No contract of employment or any guaranteed length of employment was ever considered or established.

We wish you all the best in your future endeavors.

Sincerely,

*Meghan Millwood*

Meghan Millwood
Vice President Human Resources